ROSE WEBER and Another, Respondents, v. MINNIE FREIFELD and Another, Appellants.

First Department, February 9, 1923.

Landlord and tenant — action to restrain enforcement of notes and chattel mortgage given as part of purchase price of lease of, and furniture in, alleged rooming house, and for money damages — lease prevented use of house for rooming purposes and furniture was not defendants' — rescission not asked by plaintiff and return of property not tendered — temporary injunction improperly granted — plaintiffs have adequate remedy at law.

A temporary injunction should not be granted in an action to restrain the enforcement of promissory notes and a chattel mortgage, which were given as part of the purchase price of a lease of an alleged rooming house and the furniture therein, where the action is instituted on the ground of fraud in that the lease prevented the use of the house for rooming purposes and that the furniture did not belong to the defendants at the time of the sale, and there is no offer by the plaintiff to return the property received under the lease nor a demand for

a rescission of the contract and the return of the purchase price. The plaintiffs have an adequate remedy at law under their complaint.

Rescission and cancellation cannot be had without a proper tender of return of the property received under the agreement sought to be abrogated.

APPEAL by the defendants, Minnie Freifeld and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of October, 1922, granting plaintiffs' motion for a temporary injunction.

*Abraham H. Sarasohn* for the appellants.

*William S. Jackson,* for the respondents.

McAVOY, J.:

The plaintiffs bought of the defendants a lease of premises containing a rooming house and the business therein conducted, and the furniture therein, and claim that it was represented that the house could be used for the purpose of a rooming house and that the furniture therein was the defendant-seller's property.

They allege that the furniture was not defendants' property and thereafter was removed, and that they cannot use the house for roomers by reason of a provision of the lease that it may be used solely as a private dwelling.

The action is in equity for an injunction restraining the enforcement of the notes and chattel mortgage given as part of the purchase price in consideration of these representations on the ground of fraud, and there is demand for money damages of $5,000 and that the notes and mortgage be canceled.

The complaint makes no offer to return the property received under the lease nor is there any hint of a tender to the seller of what was received, nor is there rescission asked and a demand for the purchase price's return. The plaintiffs evidently proceeded on the theory that they can keep the property and restrain the enforcement of and cancel the notes and chattel mortgage without any surrender of what was received, or an offer or tender of return. They have not elected to sue for damage alone for fraud in which action they might recoup the loss although holding the benefits.

Rescission and cancellation cannot be had without a proper tender of return of the property received under the agreement sought to be abrogated. The plaintiffs have proceeded in equity when an adequate remedy at law was open under their own complaint and have secured an injunction restraining the enforcement of the notes against them and directing their deposit and that of the chattel mortgage with the clerk of the court without any showing of right to equitable relief in their complaint or affidavits.

There is no rule of substance or procedure which permits the relief granted, and the order should be reversed, with ten dollars costs and disbursements, and the motion denied. ·

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied.